RAILROADS. The (WILTON v.). See Case No. 17,857.

RAILWAY CO. (BEALE v.). See Case No. 1,159.

RAILWAY PASS. ASSUR. CO. (RIPLEY v.). See Case No. 11,854.

RAILWAY PASS. ASSUR. CO. (SAWTELLE v.). See Case No. 12,392.

RAILWAY PASS. ASSUR. CO. (SOUTHARD v.). See Case No. 13,182.

RAILWAY PASS. ASSUR. CO. (TOOLEY v.). See Case No. 14,098.

———

## Case No. 11,535.

RAILWAY REGISTER MANUF'G CO. v. HIGHLAND ST. RY. CO. et al. PASSENGER FARE ENUMERATOR & CLASSIFIER CO. v. METROPOLITAN R. CO. RAILWAY REGISTER MANUF'G CO. v. HIGHLAND ST. RY. CO. et al.

[4 Ban. & A. 116.] [1]

Circuit Court, D. Massachusetts. Feb., 1879.

PATENTS—COMBINATION—CONDUCTOR'S REGISTER.

1. Letters patent No. 76,646, granted to Wm. C. McGill, April 14th, 1868, for a conductor's register, construed, and upon the construction given, and in view of the state of the art, the defendants held not to have infringed the same.

2. A claim for "the combination of the ratchet wheel, pawl and lever, with or without the bell attachment, arranged and operating substantially as and for the purposes described," held, in view of the state of the art, not to cover the ratchet wheel, pawl and lever, used by the defendants, the arrangement of which was different, especially in the mode in which the lever was operated.

3. The fourth and seventh claims of the reissued patent of Blackburn and Woodside, No. 7,120, May 16th, 1876, for an improved fare register construed, and the defendants held not to have infringed.

4. The tenth and eleventh claims of the reissued patent of Joseph Corbett, No. 6,929,

———

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

granted February 15th, 1876, held valid, and that the defendants infringed the same.

In equity.

Dickerson & Beaman, for complainants.
T. W. Clarke, for defendants.

LOWELL, Circuit Judge. These three suits were argued together, and are controversies between the owners of different patents for registering the tickets and fares taken upon horse railways. The state of the art has been shown by copies of numerous patents, besides those held by the respective parties, some of which will have a controlling effect upon the suits.

It will be necessary to consider and decide each case by itself, and they will be considered in the order in which they have been placed at the head of this opinion.

### No. 662.—McGill's Patent.

McGill's patent, No. 76,646, issued in 1868, describes a knob extending outside of a locked box and forming the handle of a rod, to the end of which is attached a cross-piece, each end of which is called a tooth. When the knob is turned or "rotated," by the conductor of the car, one tooth engages with a ratchet wheel, and moves it one notch, to register the receipt of a fare, and the tooth at the other end raises a hammer which strikes a bell. The first claim is for the actuating knob, and the teeth, in the described combination, with the recording and striking devices. It is agreed by both experts and both counsel, that the earlier patents of Brown and Crofton defeat this claim, if the machines which they describe are operative, and if the claim is construed broadly.

I see no reason to say that the Brown and Crofton devices would not work. Neither they nor the McGill are very closely followed at this day, as the art speedily outgrew all of them; but all seem capable of working. It is said that neither of the two machines was portable. Brown's is so described, and though the model produced in court is heavy, it is evidently designed to be carried, and the specification says that it may be made of such size as the particular use for which it is designed may render necessary. The defendants' expert testifies that the Crofton machine could be made of one-fourth the size shown in the drawings, without material change in the working parts. If it be a necessary part of the plaintiffs' machine that it should be portable, I think the others are so, or could be made so without invention.

The argument does not suggest any construction of McGill's patent which will at once include the defendants' Chesterman register and exclude those of Brown and Crofton, and none has occurred to me. To prove infringement, it is necessary to construe the actuating knob and teeth to include a slid-

[Drawing of patent No. 57,443, granted Aug. 21, 1866, to Miller & Reichert; published from the records of the United States patent office.]

ing rod instead of one that rotates, and pawls instead of teeth; and when that is accomplished, the claim is anticipated.

The third claim is admitted by the complainants to be either void or not infringed.

Bill dismissed with costs.

### No. 765.—Miller & Reichert's Patent. Blackburn & Woodside Reissue.

The bell punch is, in this case, alleged to infringe the fourth claim of Miller & Reichert's patent for a billiard marking machine, and the fourth and seventh claims of the reissued patent of Blackburn & Woodside for an improved fare-register.

In this, as in the last case, the state of the art requires the patents to be construed narrowly. Miller & Reichert made a simple and ingenious contrivance by which a lever moved an arm which carried a pawl which forced forward a registering wheel, and the arm had a connection by which it raised a hammer, and when the arms were suddenly released by the lever, and flew back, the hammer struck a bell. The fourth claim, in terms, covers the defendants' bell punch. It is: "The combination of the ratchet wheel f, pawl g, and lever h, either with or without the bell attachment, arranged and operating substantially as and for the purposes described;" that is, for registering the points of a game of billiards.

The defendants use a ratchet wheel, pawl and lever; but the arrangement is so different, especially in the mode in which the lever is operated, that, in view of the state of the art, it cannot be fairly maintained that they use the Miller & Reichert lever in the combination.

The Blackburn & Woodside patent seems to me, as argued by the defendants, to have been reissued for the express purpose of covering the bell punch, if possible. The eighth claim, which is in broad terms for a detent mechanism, is admitted by the complainants to be void.

The fourth claim is: "'In a passenger fare-register and alarm, the combination of the operating-lever H, double pawl I, registering disks F F¹, striking hammer K', and alarm bell E, substantially as herein described." In this machine the lever, operating through a pawl, turns the registering disk; and the disk, by means of a pin, engages the bell hammer which sounds the alarm. In the defendants' punch, the register and the alarm are operated independently of each other. To make the fourth claim of the plaintiffs an operative device, we must consider the registering disk to have upon its surface the pin which engages the hammer, and, when this is supplied, it is a substantially different disk from that of the defendants, considering always, that all these elements, and indeed various combinations of them, were old.

The seventh claim of the Blackburn & Woodside is: "The combination, with a passenger fare-register and alarm, of the tripping lever L, provided with a tripping point, m³, and one or more projections for raising

the alarm-hammer, as herein set forth." It is argued by the defendants that this claim sets forth no operative combination, and I do not see that it does, unless it shall be construed to claim, generally, the use of a tripping lever to actuate an alarm, which would be too broad. If we insert in this claim the actual mechanism which is found in the thing described, it is not infringed, for the same reason that the fourth claim is not infringed; that is, because the whole organization taken together is different in the two machines.

Bill dismissed with costs.

### No. 759.—Corbett Reissue.

The tenth and eleventh claims of the re-issued patent of Joseph Corbett, reissue No. 6,929, are in controversy in this suit. The tenth claim is: "The combination, with alarm and registering mechanism, simultaneously operated for registering the number of times the alarm has been sounded, of one or more ratchet teeth or bearing-places, adapted in shape to receive a detent, and such detent serving to prevent sounding of the alarm until the detent has been tripped or withdrawn by a tripping piece or cam, operating coincidently with the actuating registering mechanism, for the purpose set forth." The eleventh is: "In an alarm-register, the combination of the actuating mechanism with a tripping piece or cam, serving to withdraw or disengage a detent adapted to control the operation of the alarm mechanism, for the purpose set forth."

Several earlier patents have been introduced in evidence, the most important of which is called in this record the Mallory patent. The specification and model of this patent show a very ingenious arrangement of devices for detaining the action of the bell hammer until registration has been made. The plaintiffs' arrangement, however, is so much more simple and direct, dispensing with several parts of Mallory's, that there can be no doubt of its forming a different combination of old devices. In none of these old patents is there a tripping piece which forms part of the Corbett combination.

Nor can I doubt that the defendants' mechanism is fairly within the scope of the Corbett patent. It operates with a tripping piece to withdraw or disengage a detent which controls the operation of the alarm mechanism in a direct manner. It does not work in exact coincidence with the registering mechanism, and does not, therefore, necessarily sound the alarm whenever registration takes place. In this respect it is less perfect than the Corbett machine; but its organization is such that the alarm can never be sounded unless the registration has taken place, which is the important thing, because the fraud to be apprehended on the part of the conductor is that he should sound the alarm without registering the fare, which this detent prevents: when he has registered

the fare, it is for his interest to sound the alarm.

Decree for the complainants.